**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **1STARR DALTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:10-1286** |
| | ) | |
| **BOOKER T. STEPHENS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Applications to Proceed Without Prepayment of Fees. (Document No. 1). Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Applications to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

**FACTUAL BACKGROUND**

On November 8, 2010, Plaintiff, acting *pro se*,[1] filed his Complaint claiming entitlement to relief pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. (Document No. 2.) Plaintiff names the following as Defendants: (1) Booker T. Stephens; (2) Rudolph J. Murensky; (3) Irene C. Berger; and (4) Thomas Evans.[2] (Id., p. 1.) Plaintiff alleges that Defendants have violated his constitutional rights by engaging

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The Court finds that Defendant Thomas Evans is not a "state actor." It is well established that an attorney does not act under the color of state law when retained or court-appointed. *Vermont v.*

in a conspiracy to "facilitate his false imprisonment in flagrant defiance to the constitution." (Id.)

Plaintiff alleges that he entered into a plea agreement where "they promised him the 8 year sentence

and assured him that he would only serve 1/3 of that sentence." (Id., p. 9.) Plaintiff claims that after

he was induced to pled guilty, Judge Stephens improperly "increased [his] sentence from 8 years to

5 - 18 years under the false pretense that the 8 year sentence was improper." (Id., pp. 8 - 9.) Plaintiff

states that he initiated Civil Action No. 1:09-1091 by filing a Complaint in the Southern District of

West Virginia alleging that Judge Stephens was engaged in a conspiracy to falsely imprison Plaintiff.

(Id., p. 18.) Plaintiff claims that he filed a Petition for *habeas corpus* relief in the McDowell County

Circuit Court on September 1, 2009, and on October 9, 2009, Judge Stephens appointed Thomas Evans

as counsel[3] and entered an Order requiring that the State of West Virginia file a response to Plaintiff's

Complaint by December 9, 2009, showing cause why *habeas* relief should not be granted. (Id., p. 18.)

Plaintiff states that on October 16, 2009, Judge Stephens recused himself and transferred the case to

Judge Murensky. (Id., pp. 18 - 19.) Plaintiff contends that as "the federal law suit, 1:09-01091, and the

State habeas corpus case, 09-c-173-S, was pending before their respective tribunals, a scandalous plot

---

*Brillon*, 556 U.S. 81, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009)("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."); *Polk County v. Dodson*, 454 U.S. 312, 3325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981)("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(state-appointed counsel is not acting under color of state law), *cert denied*, 454 U.S. 1141, 102 S.Ct. 99, 71 L.Ed.2d 293 (1982); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under § 1983.").

[3] Plaintiff attached a copy of Judge Stephens' October 9, 2009, Order Appointing Counsel to his Complaint. The Order indicates that Judge Stephens appointed Attorney Evans to represent Plaintiff in the *habeas corpus* proceeding and ordered that Plaintiff "be given until November 9, 2009, to file an amended petition asserting new or additional grounds, and the Office of the Prosecuting Attorney be given until December 9, 2009, to file its answer to the Amended Petition."

was being effectuated to thwart the justice of which they promised." (Id., p. 19.) Plaintiff complains

that "[o]n November 23, 2009, the federal case was re-assigned to Judge Irene C. Berger, who is a long

time friend of Judge Stephens." (Id.) Plaintiff contends that "around this same time, Thomas Evans,

the rogue attorney who was appointed to represent plaintiff, filed a Motion for Extension of Time in

which the prosecutor's office had to file a response." (Id.) Plaintiff states that Judge Murensky

extended the deadline by which the State was required to file a response to his Petition to February 16,

2010. (Id.) Plaintiff further alleges that "[o]n January 15, 2010, the rogue attorney set in motion his

plan to derail Plaintiff's campaign for justice" by filing "an Amended Petition which distorted the

factual substance of the allegations raised in the Petition filed by Plaintiff, pro se, and did not pose any

factual description therein of a constitutional violation whatsoever." (Id., p. 20.) Plaintiff claims that

the "strategic goal was to provide the court a legal basis for denying habeas relief." (Id.) Plaintiff states

that "upon receiving notification that the amended petition had been filed, Plaintiff immediately filed

a motion to have it stricken from the record." (Id.) Plaintiff states that the State did not file a response

to his habeas petition by February 16, 2010. (Id., p. 21) Plaintiff, therefore, contends that on February

17 and September 12, 2010, he filed Motions for Default Judgment. (Id., pp. 24 - 25.) Plaintiff states

that he also filed "petitions for *mandamus* to compel a ruling in Case No. 09-173-S, however, each

time such a petition is filed, Thomas Evans submits bogus letters claiming that a hearing has been

scheduled in order to subvert the remedy." (Id., p. 24.) Plaintiff states that "no hearing has ever been

held." (Id.) Plaintiff accuses Defendants of refusing to proceed in his *habeas* case because they

obtained his underlying conviction illegally by promising him an eight year sentence in exchange for

his plea of guilty and then increasing his sentence to 5 - 18 years.[4] (Id.) Plaintiff further complains that

---

[4] Plaintiff attached to his Complaint a copy of a portion of a transcript of the June 12, 2002,
Court proceeding during which the Circuit Court changed Plaintiff's sentence from eight years in

"on June 10, 2010, Judge Irene C. Berger dismissed the federal lawsuit against Judge Booker T. Stephens, to wit, Civil Action No. 1:09-1091." (Id., p. 23.) Plaintiff, therefore, argues that "Judge Irene C. Berger is guilty of facilitating Plaintiff's false imprisonment and conspiring with state government officials to, under color of law, violate Plaintiff's" constitutional rights. (Id.) Plaintiff states that the Defendants have been "insulating plaintiff's false imprisonment from judicial review." (Id.) Plaintiff asserts that he was "wilfully subject to double jeopardy and flagrant due process of law violations." (Id.) As relief, Plaintiff requests that the Court: (1) "order the defendants on the federal judiciary to comply with U.S. Supreme Court precedent . . . and refrain from the unlawful imposition of procedural bars to Plaintiff's petitions for habeas corpus and either grant habeas relief or order the State to show cause for why the plaintiff is not detained in violation of the constitution;" (2) "order Judge Rudolph Murensky to comply with due process procedure and grant plaintiff's request for default judgment and award habeas relief in Case No. 09-C-173-S;" (3) "order the Defendants to show cause why the writ should not be granted and if they cannot do so in fact and in law, the Court must effectuate the reversal of petitioner's conviction and his immediate release or order that a hearing in habeas corpus be held promptly." (Id., pp. 25 - 26.)

As Exhibits, Plaintiff attaches the following: (1) A copy of Judge Booker Stephens' "Order Appointing Counsel" dated October 9, 2009, in Case No. 09-C-173 (Id., p. 27.); (2) A copy of Judge

---

prison, which Plaintiff understood from agreements reached in his plea negotiations would be his sentence, to 5 - 18 years in prison. The transcript indicates that in the morning of June 12, 2002, the Circuit Court sentenced Plaintiff to a determinate sentence of eight years. That afternoon, the Circuit Court "corrected" Plaintiff's sentence by sentencing him to an indeterminate term of 5 - 18 years in prison. Recognizing that Plaintiff understood that his sentence would be eight years in prison when he agreed to plead guilty, the Circuit Court stated in "correcting" his sentence to 5 - 18 years in prison that Plaintiff "might want to withdraw his plea or go to trial or whatever." Notwithstanding the Circuit Court's observation, it is not evident in this matter (and it has not been evident in other actions which Plaintiff has filed in this Court (*See Dalton v. Stephens, et al.*, Civil Action No. 1:09-1091, Document No. 15, p. 2 at fn. 2.)) that Plaintiff moved to withdraw his guilty plea.

Booker Stephens' "Order Transferring Case" dated October 16, 2009, in Case No. 09-C-173 (Id., pp. 28 - 29.); (3) A copy of Judge Murensky's Order granting Plaintiff's Motion for Extension for Time in Case No. 09-C-173 (Id., p. 30.); (4) A copy of Plaintiff's "Motion to Strike" as filed in Case No. 09-C-173 (Id., pp. 31 - 32.); (5) A copy of Plaintiff's Memorandum dated September 12, 2010, in Case No. 09-C-173 (Id., p. 33.); (6) A copy of a letter dated July 15, 201, from Thomas Evans addressed to Francine Spencer, McDowell County Circuit Clerk, regarding Civil Action No. 09-C-173 (Id., p. 34.); (7) A copy of the "Notice of Hearing" scheduling the Omnibus Hearing for August 20, 2010, as filed in Case No. 09-C-173 (Id., pp. 35 - 36.); (8) A copy of the "Notice of Hearing" scheduling the Omnibus Hearing for October 1, 2010, as filed in Case No. 09-C-173 (Id., p. 37.); (9) A copy of Plaintiff's statement of "Jurisdiction" (Id., pp. 38 - 40.); (10) A copy of Hamrick v. Boles, 229 F.Supp. 570 (N.D.W.Va. May 27, 1964) (Id., pp. 41 - 42.); and (11) A copy of portion of Plaintiff's sentencing transcripts (Id., pp. 43 - 46.).

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 -328, 109 S.Ct. at 1833. A complaint is malicious when it contains

allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits or it contains disrespectful or abusive language. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988). A complaint fails to state a claim upon which relief can be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## DISCUSSION

Having examined the documents which Plaintiff has filed in this matter and considered Plaintiff's claims and the District Court's ruling in other case which Plaintiff has filed in this Court, the undersigned finds that Plaintiff raises essentially the same claims in this matter as he raised in other matters which have been dismissed and concludes that Plaintiff's allegations in this matter are frivolous and fail to state any claim for which relief can be granted.

In Dalton v. McBride, Civil Action No. 1:07-0074, a 28 U.S.C. § 2254 proceeding, Plaintiff raised issues arising from his June 22, 2002, re-sentencing. The undersigned determined that Plaintiff's Section 2254 Petition was filed beyond the 28 U.S.C. § 2244(d) 1-year period of limitation and no circumstances justified equitable tolling and recommended that the matter be dismissed. (Id., Document No. 6.) Plaintiff objected. By Memorandum Opinion, the District Court adopted the undersigned's findings and recommendation and dismissed the matter. (Id., Document No. 11.) Plaintiff appealed, and his appeal was dismissed. Dalton v. McBride, 251 Fed.Appx 824, 2007 WL 3095465 (C.A.4 (W.Va.)). In Dalton v. Stephens, et al., Civil Action No. 1:09-1091, and Dalton v. Stephens, et al., Civil Action No. 2:09-1332, Plaintiff requested that the District Court order the Circuit Court of McDowell County to conduct an omnibus habeas corpus hearing. In both cases, United States Magistrate Judge Mary E. Stanley determined that "[t]he current complaint is essentially an attempt to attack [Plaintiff's] state habeas corpus proceedings and to obtain a hearing." (Civil Action No. 1:09-

6

1091, Document No. 14 and Civil Action No. 2:09-1332, Document No. 3.) Judge Stanley regarded Plaintiff's claims as falling under Section 2254 and determined that "[v]iolations of State law and procedure which do not infringe specific federal constitutional protections are not cognizable under section 2254." (Id.) Judge Stanley recommended that both cases should be dismissed as legally frivolous. (Id.) Additionally, citing the doctrines of *res judicata* and judicial immunity, Judge Stanley recommended that the cases should be dismissed  for failing to state a claim for which relief could be granted. (Id.) The District Court adopted Judge Stanley's recommendations and dismissed both cases. (Civil Action No. 1:09-1091, Document Nos. 15 - 16 and Civil Action No. 2:09-1332, Document Nos. 5 - 6.)

In Dalton v. Booker, *et al.*, Civil Action 1:10-1259, Plaintiff again requested that the District Court intervene in his State *habeas corpus* proceedings.[5] (Civil Action 1:10-1259, Document No. 1.) By Proposed Finding and Recommendation entered on April 18, 2011, the undersigned recommended that Plaintiff's Complaint be dismiss because Plaintiff's claims were foreclosed by operation of the doctrines of *res judicata* and judicial immunity, and intervention in the State *habeas* proceeding was not warranted. (Id., Document No. 6.) By Memorandum Opinion and Order entered on June 6, 2013, the District Court adopted the undersigned's recommendation and dismissed Plaintiff's Complaint. (Id., Document Nos. 8 and 9.)

In the instant case, Plaintiff is again requesting that the District Court intervene in his State *habeas corpus* proceeding in which he continues to challenge his conviction and sentence and requests

---

[5] Plaintiff requested *habeas* relief in the Circuit Court twice before in September, 2004, and January, 2006, challenging the propriety of the Circuit Court's June 12, 2002, "correction" of his sentence. *See Dalton v. McBride*, Civil Action No. 1:07-0074, Document No. 6 (Proposed Findings and Recommendation) at p. 3 and Exhibit A attached thereto, Judge Stephens December 21, 2004, Order Denying Petition for Writ of Habeas Corpus.

that this Court require the State Court to hold an *omnibus habeas corpus* hearing.[6] "It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983). This Court's consideration of Plaintiff's requests in this case is foreclosed, however, by operation of the doctrines of *res judicata*[7] and judicial immunity[8]. Furthermore, the undersigned concludes that intervention in the State Court *habeas* proceeding is not warranted because it is not evident that those proceedings involve "wrongs of a constitutional dimension."

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

---

[6] Plaintiff requested *habeas* relief in the Circuit Court twice before in September, 2004, and January, 2006, challenging the propriety of the Circuit Court's June 12, 2002, "correction" of his sentence. *See Dalton v. McBride*, Civil Action No. 1:07-0074, Document No. 6 (Proposed Findings and Recommendation) at p. 3 and Exhibit A attached thereto, Judge Stephens December 21, 2004, Order Denying Petition for Writ of Habeas Corpus.

[7] "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.". *Young-Henderson v. Spartanburg Area Mental Health Center*, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

[8] "Few doctrines were more solidly established at common law than the immunity of judges from liability for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in *Bradley v. Fisher*, 80 U.S. 335, __ S.Ct. ___, 20 L.Ed. 646 (1872)." *Imbler v. Patchman*, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." *Jackson v. Houck*, 181 Fed. App'x 372, 372 (4th Cir. 2006)(*quoting Mireles v. Waco*, 502 U.S. 9, 12-13 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Id.* (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted).

the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 2.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 22, 2013.

R. Clarke VanDervort
United States Magistrate Judge